THE MEHDI FIRM, PC
AZRA MEHDI (SBN: 220406)
azram@themehdifirm.com
One Market
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: (415) 293-8039
Facsimile: (415) 293-8001

SAFIRSTEIN METCALF LLP
PETER SAFIRSTEIN
psafirstein@safirsteinmetcalf.com
1250 Broadway, 27th Floor
New York, New York 10001
Telephone: (212) 201-2845
Facsimile: (212) 201-2858

*Attorneys for Plaintiff Tianna Membreno*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIANNA MEMBRENO, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., D/B/A WELLS FARGO DEALER SERVICES, NATIONAL GENERAL HOLDINGS CORP., and NATIONAL GENERAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 17-cv-7561<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200, *ET SEQ*. AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tianna Membreno ("Plaintiff") brings this action individually and on behalf of a Class of all persons similarly situated against Wells Fargo & Company and Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services (collectively "Wells Fargo") and National General Holdings Corp., and National General Insurance Company (collectively "National General") (collectively, with Wells Fargo, "Defendants").

This case arises from Defendants' wrongful practice of forcing customers to pay for auto insurance that they did not need. Plaintiff alleges the following upon personal knowledge as to her own acts, and upon information and belief based on the investigation conducted by Plaintiff's counsel, as to all other matters.

## NATURE OF THE ACTION

1. Defendants recently revealed that more than 800,000 auto loan customers paid for unnecessary auto insurance policies, pushing roughly 274,000 of those customers into delinquency and resulting in nearly 25,000 unlawful vehicle repossessions.

2. Defendants' practice was publicly exposed in a story published in *The New York Times* on July 27, 2017.

3. According to the article, Wells Fargo, in response to customer complaints, commissioned consulting firm Oliver Wyman to prepare a report regarding Collateral Protection Insurance ("CPI") auto insurance policies that were sold to Wells Fargo borrowers from January 2012 to July 2016.

4. Customers' auto loan contracts require them to maintain comprehensive and collision physical damage insurance on behalf of the lender throughout the term of the loan.

5. Wells Fargo's review determined that certain external vendor processes and internal controls regarding the application of the CPI policies were inadequate. As a result, customers had been charged premiums for CPI even if they were paying for their own vehicle insurance. Moreover, in some cases the CPI

1

premiums contributed to a default that led to their vehicle's repossession.

6. In response to *The New York Times* exposure, Franklin R. Codel, the head of consumer lending at Wells Fargo, has admitted the misconduct at the bank's senior levels, stating: "We have a huge responsibility and fell short of our ideals for managing and providing oversight of the third-party vendor and our own operations."

7. Not only were the CPI policies unnecessary, they were more expensive than the coverage borrowers obtained on their own.

8. These unlawful deductions resulted in account delinquencies, overdrawn payment accounts, increased interest rates, late fees, repossessed vehicles, and damage to borrowers' credit.

9. When borrowers, including Plaintiff, protested and informed Defendants that they did, in fact, maintain the required insurance, Defendants refused to remove the unlawful charges. Borrowers were forced to pay the charges in order to maintain their accounts in good standing, avoid further late and overdraft fees and interest charges, and avoid repossession of their vehicles.

10. This is a proposed class action brought by Plaintiff on behalf of all persons who obtained an auto loan from Defendants and who were required to pay for a CPI policy.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class of plaintiffs are citizens of states different from Defendants. Further, greater than two-thirds of the members of the Classes reside in states other than the states in which Defendants are citizens.

12. Venue lies within this judicial district under 28 U.S.C. § 1391(b), (c), and (d) because Defendants regularly transact business in this District, a substantial

part of the events giving rise to Plaintiff's claims occurred in this District, and one or more of the Defendants are licensed to do business in, are doing business in, or had agents in this District.

## THE PARTIES

13. Plaintiff, Tianna Membreno, is an individual and a resident of Sherman Oaks, California.

14. Defendant Wells Fargo & Company is a corporation organized under the laws of Delaware and headquartered in San Francisco, California.

15. Defendant Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Company, and is a national bank organized and existing as a national association under the National Bank Act, 12 U.S.C. §§ 21, *et seq*. The principal place of business of Wells Fargo Bank, N.A.'s division Wells Fargo Dealer Services is Irvine, California.

16. Defendant National General Holdings Corp. is a Delaware corporation and insurance holding company headquartered in New York, New York.

17. Defendant National General Insurance Company is a corporation organized under the laws of Missouri and headquartered in Winston-Salem, North Carolina. National General is a subsidiary of National General Holdings Corp.

18. Plaintiff is informed and believes, and based thereon, alleges that, at all material times herein, each Wells Fargo defendant, Wells Fargo & Company and Wells Fargo Bank, N.A., was the agent, servant, or employee of, and acted within the purpose, scope, and course of said agency, service, or employment, and with the express or implied knowledge, permission, and consent of the other Wells Fargo defendant, and ratified and approved the acts of the other Wells Fargo defendant.

19. Wells Fargo & Company exercises specific and financial control over the operations of Wells Fargo Bank, N.A., and it dictates the policies and practices of Wells Fargo Bank, N.A. Wells Fargo & Company also exercises power and control over the specific activities at issue in this lawsuit, and it is the ultimate

recipient of the ill-gotten gains described herein.

## FACTUAL BACKGROUND

20. Defendants charged more than 800,000 auto loan borrowers for CPI auto insurance that they did not need or want, which Defendants failed to properly disclose. As a result, borrowers were unlawfully charged inflated CPI policy premiums and interest, late fees, and, in some cases, had their vehicles repossessed.

21. Borrowers financed their vehicles through Defendants. Wells Fargo provided the borrower's information to National General who was to then verify if the borrower had insurance coverage on the vehicle.

22. If the borrower failed to provide proof of insurance, Defendants were required to send the borrower a request that he or she provide proof of insurance. However, Defendants engaged in a practice of secretly and automatically imposing these CPI policies on borrowers who, in many instances, already had auto insurance. Thus, borrowers were paying premiums and interest on redundant policies they did not need or request.

23. Defendants failed to properly disclose both the CPI policies and their resulting charges to borrowers.

24. The CPI insurance charges often resulted in delinquencies in those cases where the borrower had insufficient funds to cover the cost of the CPI policy. Moreover, Wells Fargo assessed late fees to borrowers' bank accounts and charges for insufficient funds. These actions by Defendants not surprisingly resulted in damage to borrowers' credit reports as Defendants reported these delinquencies to credit reporting agencies.

25. The CPI insurance policies coupled with Wells Fargo's internal rules about the order in which payments are applied to a customer's account further exacerbated the problem. When Wells Fargo received a payment on an auto loan account, they applied it in the following order: interest on the auto loan, interest on the CPI insurance, principal on the auto loan, and then premium on the CPI policy.

26. This order of payments resulted in both an increased amount of overall interest paid by borrowers and frequently overdrawn bank accounts and auto loan delinquencies.

27. The extra, unexpected, and undisclosed additional expense pushed approximately 274,000 auto loan customers into delinquency resulting in almost 25,000 wrongly repossessed vehicles.

28. Not only were the CPI insurance policies unnecessary, they were more expensive than the auto insurance policies customers had already obtained on their own.

## PLAINTIFF'S ALLEGATIONS

29. Plaintiff purchased a vehicle from a dealership in Canoga Park, California in February 2014.

30. Plaintiff financed the purchase of her vehicle with a loan from Wells Fargo.

31. Plaintiff had an auto insurance policy from Everest Insurance Company.

32. In June 2014, Wells Fargo placed a CPI policy on Plaintiff's auto loan account and charged her $1,385 for the premium and $52.36 for finance charges. The period of coverage was retroactively set to begin April 2014 and to continue through April 2015. The amount of $179.67 per month was added to her outstanding loan balance for eight months.

33. As a result of the increased CPI charges on her auto loan account, Plaintiff was charged late fees.

34. When Plaintiff presented proof of insurance coverage, Wells Fargo did not credit Plaintiff's account for the unlawful charges or otherwise refund the amount charged that they had collected. Indeed, Wells Fargo continued to charge Plaintiff for the CPI policy.

35. In late 2015, Plaintiff's vehicle was repossessed. Plaintiff was

5

informed that she was purportedly late on her Well Fargo auto loan payments and the bank had ordered a repossession of her vehicle. Plaintiff suffered additional damages paying to recover her vehicle from the repossession company.

## STATUTE OF LIMITATIONS

36. Any applicable statutes of limitations have been tolled by Defendants' knowing and active concealment, denial, and misleading actions, as alleged herein. Plaintiff and members of the Classes, as defined below, were kept ignorant of critical information required for the prosecution of their claims, without any fault or lack of diligence on their part. Plaintiff and members of the Classes could not reasonably have discovered the true nature of the Defendants' insurance scheme, including the kickbacks to Wells Fargo from National General.

37. Defendants are under a continuous duty to disclose to Plaintiff and members of the Classes the true character, quality, and nature of the charges they assess on borrowers' accounts. Defendants knowingly, affirmatively, and actively concealed the true character, quality, and nature of their assessment of the CPI auto insurance premiums against borrowers' accounts. Plaintiff and members of the Classes reasonably relied upon Defendants' knowing, affirmative, and active concealment. Based on the foregoing, Defendants are estopped from relying on any statutes of limitation as a defense in this action.

38. The causes of action alleged herein did or will only accrue upon discovery of the true nature of the charges assessed against borrowers' accounts, as a result of Defendants' fraudulent concealment of material facts. Plaintiff and members of the Classes did not discover, and could not have discovered, through the exercise of reasonable diligence, the true nature of the unlawful fees assessed against their accounts.

## CLASS ACTION ALLEGATIONS

39. Plaintiff bring this action, on behalf of herself and all others similarly situated, as a class action under Rule 23 of the Federal Rules of Civil Procedure.

40. The classes Plaintiff seeks to represent are defined as follows:

**Nationwide Class:** All residents of the United States of America who obtained an auto loan through Wells Fargo Bank, N.A. or its subsidiaries or divisions, and who were assessed charges for CPI auto insurance.

**California State Class:** All residents of the State of California who obtained an auto loan through Wells Fargo Bank, N.A. or its subsidiaries or divisions, and who were assessed charges for CPI auto insurance.

41. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveals that the Classes should be expanded or otherwise modified.

42. Plaintiff reserves the right to establish sub-classes as appropriate.

43. This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3), and satisfies the requirements thereof. As used herein, the term "Class Members" shall mean and refer to the members of the Classes.

44. <u>Numerosity</u>: While the exact number of Class Members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Classes is ascertainable based upon the records maintained by Defendants. At this time, Plaintiff is informed and believes that the Classes include approximately 800,000 members. Therefore, the Classes are sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

45. <u>Ascertainablity</u>: Names and addresses of Class Members are available from Defendants' records. Notice can be provided to the members of the Classes

1  through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

46.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other members of the Classes which she seeks to represent under Federal Rule of Civil Procedure 23(a)(3) because Plaintiff and each member of the Class has been subjected to the same unlawful, deceptive, and improper practices and has been damaged in the same manner thereby.

47.  <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes, because she has no interests which are adverse to the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

48.  <u>Superiority</u>: A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) The expense and burden of individual litigation make it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b) If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

(c) Absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

49.  Common questions of law and fact exist as to the members of the Classes, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate

over any questions which affect individual Class Members within the meaning of Federal Rule of Civil Procedure 23(b)(3).

50.   The common questions of fact include, but are not limited to, the following:

(a)   Whether Defendants engaged in unlawful, unfair, misleading, or deceptive business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq.*;

(b)   Whether Defendants' practice of charging CPI auto insurance premiums to borrowers, as alleged herein, is illegal;

(c)   Whether Plaintiff and members of the Classes sustained damages, and if so, the appropriate measure of damages; and

(d)   Whether Plaintiff and members of the Classes are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

51.   In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a)   The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards of conduct for Defendants;

(b)   The prosecution of separate actions by individual members of the Classes would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)   Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole and necessitating that any such relief be extended to members of the Classes on a

mandatory, class-wide basis.

52. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**Violation of Unfair Business Practices Act**
**California Business & Professions Code Section 17200, *et seq.***
**(On Behalf of the Nationwide and California Classes)**

53. Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54. Plaintiff brings this cause of action on behalf of herself and the members of the California State Class.

55. California Business & Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." For the reasons described above, Defendants have engaged in unfair, or fraudulent business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq*.

56. Defendants' charging Plaintiff and class members for unnecessary and unrequested CPI auto insurance policies, fraudulent statements regarding the charges, and omissions of material facts, as set forth herein, all constitute unlawful practices because they violate, *inter alia*, Title 18 United States Code §§ 1341 and 1343; California Civil Code §§ 1572, 1573, 1709, 1710, and 1711; and the common law.

57. Defendants' charging Plaintiff and class members for unnecessary and unrequested CPI policies, fraudulent statements regarding the charges, and omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*, in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Defendants' violation of

10

California's consumer protection and unfair competition laws in California resulted in harm to consumers.

58. There were reasonable alternatives available to Defendants to further Defendants' legitimate business interests, other than the conduct described herein.

59. California Business & Professions Code § 17200 also prohibits any "fraudulent business act or practice." Defendants' charging Plaintiff and class members for unnecessary and unrequested CPI auto insurance policies, fraudulent statements regarding the charges, and omissions of material facts, as set forth above, was false, misleading, or likely to deceive the public within the meaning of California Business & Professions Code § 17200. Defendants' conduct and statements were made with knowledge of their effect, and was done to induce Plaintiff and members of the Classes to pay the CPI auto insurance premiums.

60. Plaintiff relied on the reasonable expectation that Defendants comply with the law. Plaintiff and members of the Classes relied on Defendants' representations that the charges were lawful and necessary and required to maintain their loans in good standing and avoid repossession of their vehicles.

61. Plaintiff and members of the Classes have been injured in fact and suffered a loss of money or property as a result of Defendants' fraudulent, unlawful, and unfair business practices.

62. Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and members of the Classes to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.

63. Additionally, under Business & Professions Code § 17203, Plaintiff and members of the Classes seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices, and requiring Defendants to correct their actions.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

64. Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. Plaintiff brings this cause of action on behalf of herself and the members of each of the Classes.

66. By their wrongful acts and omissions of material facts, Defendants were unjustly enriched at the expense of Plaintiff and members of the Classes.

67. Thus, Plaintiff and members of the Classes were unjustly deprived.

68. It would be inequitable and unconscionable for Defendants to retain the profit, benefit and other compensation they obtained from their fraudulent, deceptive, and misleading conduct alleged herein.

69. Plaintiff and members of the Classes seek restitution from Defendants, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and all others similarly situated, requests the Court to enter judgment against Defendants, as follows:

1. Certifying the Classes, as requested herein, certifying Plaintiff as the representative of the Classes, and appointing Plaintiff's counsel as counsel for the Classes;

2. Ordering that Defendants are financially responsible for notifying all members of the Classes of the alleged omissions discussed herein;

3. Awarding Plaintiff and the members of the Classes compensatory damages in an amount according to proof at trial;

4. Awarding restitution and disgorgement of Defendants' revenues and/or profits to Plaintiff and members of the Classes;

5.  Awarding Plaintiff and the members of the Classes treble damages in an amount according to proof at trial;

6.  Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

7.  Ordering Defendants to engage in corrective advertising;

8.  Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

9.  Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

10. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

To the full extent available, Plaintiff demands a trial by jury.

DATED: October 16, 2017

THE MEHDI FIRM, PC
AZRA MEHDI


_/s/Azra Mehdi_
AZRA MEHDI

One Market
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: (415) 293-8039
Facsimile: (415) 293-8001
E-mail: azram@themehdifirm.com

| | |
|---|---|
| 1 | SAFIRSTEIN METCALF LLP |
| 2 | PETER SAFIRSTEIN |
| 3 | 1250 Broadway, 27th Floor |
|   | New York, New York 10001 |
| 4 | Telephone: (212) 201-2845 |
|   | Facsimile: (212) 201-2858 |
| 5 | E-mail: psafirstein@safirsteinmetcalf.com |

*Attorneys for Plaintiff Tianna Membreno*

CLASS ACTION COMPLAINT